IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **LEKEISHA HENRY, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILDREN, MARKISHIA GRIFFIN AND DEMARCUS HENRY** | **PLAINTIFFS** |
| **v.** | Civil Action No.: 3:20-cv-353 DPJ-FKB |
| **CITY OF MADISON, MISSISSIPPI, CHIEF GENE WALDROP, IN HIS OFFICIAL CAPACITY, OFFICER JOHN DOES 1-11, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, OFFICER JANE DOE, IN HER INDIVIDUAL AND OFFICIAL CAPACITY, AND/OR OTHER EMPLOYEES, INCLUDING SUPERVISORY OFFICIALS WHOSE IDENTITIES ARE CURRENTLY UNKNOWN** | **DEFENDANTS** |

**COMPLAINT**
(Jury Trial Demanded)

COME NOW Plaintiffs LeKeisha Henry, Individually, and on behalf of her minor children, Markishia Griffin and Demarcus Henry (hereinafter "Plaintiff Henry," "Plaintiff M.G.," "Plaintiff D.H.," or collectively "Plaintiffs"), by counsel, and file this, their *Complaint* against City of Madison, Chief Gene Waldrop, In His Official Capacity, Officer John Does 1-11, In Their Individual and Official Capacities, Officer Jane Doe, In Her Individual and Official Capacity, to recover actual and punitive damages (against the individually named Defendants) for the Defendants violation of Plaintiff's Fourth (4th), Fifth (5th), Eighth (8th), and Fourteenth (14th) Amendment rights to be free from excessive force, cruel and unusual punishment, and rights to substantive due process without intentional exposure to known danger, and all other claims made actionable pursuant to 42 U.S.C. §1983, Monell

violations, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from actions of city law enforcement evincing reckless disregard for the Plaintiffs made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to-wit:

## PARTIES

1. **Plaintiff Henry** is an adult resident citizen of Hinds County, Mississippi, residing at 133 East Santa Clair Street, Jackson, MS 39212. At all times relevant herein, Plaintiff Henry is the mother of **Plaintiffs M.G. and D.H.**, and all Plaintiffs resides at the aforementioned address.

2. **Defendant City of Madison (hereinafter Defendant City)** is a city entity that may be served with process by service on Susan Crandall, City Clerk, at 1004 Madison Avenue, Madison, MS 39110.

3. **Defendant Officer John Does 1-11 (hereinafter Defendant Does)**, employed with the City of Madison, MS are adult resident citizens of Mississippi, and they may be served with process at 2001 Main Street, Madison, MS 39110.

4. **Defendant Officer Jane Doe (hereinafter Defendant Jane)**, employed with the City of Madison, MS is an adult resident citizen of Mississippi, and she may be served with process at 2001 Main Street, Madison, MS 39110.

## JURISDICTION and VENUE

5. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiffs' protected rights under the U.S. Constitution particularly the 4th, 5th, 8th, and 14th Amendments and 42 U.S.C. §1983 and §1988. Plaintiffs further invoke the supplemental jurisdiction of

    this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act, §11-7-13 of the Mississippi Code of 1972, as amended, common law claims of negligence and intentional torts.

6. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interests and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

## STATEMENTS

7. On October 10th, 2019, approximately twelve (12) unidentified officers of the City of Madison approached Ms. Henry's residence (with badges covered up) and entered her home without permission. Said officers claimed to be in search of Plaintiff Henry's son, Plaintiff D.H., for skipping an alleged court date. The defendant officers administered physical and mental injuries to Plaintiffs using excessive force. During the course of this unconstitutional assault, not one single officer attempted to stop the attack, intercede to prevent further abuse or offered proper medical assistance to Plaintiff Henry, M.G., or D.H. after they were obviously suffering physical and/or mental illness, injury, and a medical emergency. This unconscionable conduct violated both Federal and State Law. Justice for these acts is sought by this lawsuit.

## FACTS

8. The actions involved in this case are the result of the practices, policies and/or customs of Defendant City of Madison Police Department employees including the

    Chief, Officers, other supervisory officials, and/or other employees in the operation of the jail.

9. This is a claim for Federal law violations, State law negligence, and intentional torts filed by Plaintiffs. These violations caused pain and suffering to Plaintiffs on October 10th, 2019.

10. Specifically, on October 10th, 2019, approximately twelve (12) unidentified officers of the Defendant City approached Plaintiff Henry's residence with their badges covered up. The twelve (12) John Does (one confirmed female) then entered Plaintiff Henry's home against her wishes.

11. Defendant Officers stated that they were looking for Plaintiff Henry's son, Plaintiff D.H., regarding an issue of skipping a court date, but Ms. Henry informed said officers that she was unsure if her son was home because he usually stayed the night with his girlfriend.

12. At no time herein did any officer present a search warrant and/or arrest warrant.

13. Thereafter, Officer John Doe 1 snatched the screen door open and kicked Ms. Henry into her sofa, causing her to land on the floor. Officer Jane Doe then grabbed Plaintiff Henry's arm and said "I don't give a f*ck." The same female officer then threw Plaintiff M.G. on top her mother.

14. Plaintiff M.G., a ten (10) year old, thought that they were victims of a home invasion because the officers wore no badges to identify themselves. Plaintiff M.G. was later pushed against the wall with so much force that it caused her to bounce back from the wall and hit the floor. Despite all of this, the defendant officers continued their

assault on Plaintiff M.G., and made obscene remarks such as "You made some animals."

15. One of Plaintiff Henry's sons attempted to record the incident, but he was taken outside and also brutally beaten by the defendant officers.

16. At all times relevant herein, Plaintiff D.H. was hidden, locked inside of his bedroom. Plaintiff D.H. was threatened many times by the officers identifying him as the person they were looking for. Finally, the defendant officers left the residence.

17. It was later discovered by Plaintiff Henry that there was no search warrant or arrest warrant in place. As a result of the Defendants' negligent actions and severe misconduct, Plaintiff Henry suffered severe injuries and damages such as a dislocated arm, which required surgery and injuries to the side of the body. Plaintiff M.G. suffered injuries to her back and the side of her face, as well as suffered mental and emotional anguish. Plaintiff Henry's younger son suffered injuries to his body as a whole, and Plaintiff D.H. suffered mental and emotional anguish as a result of this incident.

18. Plaintiff Henry was later transported to the University of Mississippi Medical Center via AMR transportation service, and Plaintiff M.G. received medical treatment at the same facility for injuries to her back.

19. At all relevant times, the individual Defendants were working in their official capacities.

20. At all relevant times, Defendant Chief Waldrop was the commanding officer throughout the entire incident and responsible for the actions and/or omissions of the aforementioned officers. He was also responsible for insuring that Plaintiffs

were kept safe. Chief Waldrop failed to keep Plaintiffs safe from harm caused by the acts of those under his command.

21. The resulting injuries sustained by Plaintiffs were caused solely by the Defendants, in violation of Plaintiffs' Civil and Constitutional rights, Mississippi State law and without any cause, provocation, or negligence on the part of Plaintiffs contributing thereto. A Notice of Claim was timely filed with Defendants.

## FIRST CAUSE OF ACTION
### (Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 §1983)

22. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 22, inclusive, as if fully set forth herein.

23. Defendant "John Does 1-11" and "Jane Doe" assaulted Plaintiffs with excessive force, failed to obtain medical attention for Plaintiffs following the assault, and thereby violated Plaintiffs' due process rights, used excessive physical force, and implemented cruel and unusual punishment. These acts were unconstitutional in violation of Plaintiffs' 4th, 5th, 8th, and 14th Amendment Rights. At all times relevant herein, Plaintiffs were not detainees, prisoners, or in possession of any weapon. This treatment was a violation of Plaintiffs' due process rights to be free from cruel and unusual punishment and excessive force.

24. As a result, Plaintiffs suffered serious injuries, pain and suffering, and loss of enjoyment of life.

## SECOND CAUSE OF ACTION
### (Negligent Training, Supervision and Retention as to Defendants City of Madison and Chief Waldrop)

25. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 25, inclusive, as if fully set forth herein.

26. At all relevant times, Defendant City of Madison and Defendant Chief Waldrop had a duty to screen applicants for hire to its Police Department, retention to its Police Department or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological racists, biased and/or physiological traits or characteristics unsuitable, unstable, or contradicted for such employment.

27. At all relevant times, it was the duty of Defendant City of Madison and Defendant Chief Waldrop to sufficiently hire, train and retain personnel within the Police Department and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, officers, other police department employees and/or personnel.

28. Upon information and belief, the individually-named City of Madison Police Department including "John Does 1-11" and "Jane Doe" that beat and left Plaintiffs without seeking medical assistance without giving them medical care were improperly trained, supervised and retained by Defendants City of Madison and Chief Waldrop. Furthermore, these individually-named Defendants responsible for Plaintiffs' injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

29. As a result of the Defendants' negligence in its training, supervisory and retention of the Defendant officers, and police department personnel, the Plaintiffs were caused to suffer grave injuries, without fault or contribution by the Plaintiffs.

### THIRD CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. §1983)

30. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 30, inclusive, as if fully set forth herein.

31. Upon information and belief, among the individually-named Defendants were supervisors, liked Defendant Chief Waldrop/Sheriff Tucker, "John Does 1-11," and "Jane Doe" who were assigned to supervise and control the actions of the named City of Madison/Madison County Police/Sheriff Department employees.

32. These Defendants violated their supervisory duties by failing to ensure that officers/deputies under their supervision properly monitored, cared for and protected from harm, those in their custody like the Plaintiffs. By participating in and/or ordering the vicious attack on Plaintiffs, and failure to provide medical care thereafter, without justification, these supervisory officials violated §1983's requirements. And once ordered, they failed to limit the attack, thereby making use of force excessive and the punishment cruel and unusual punishment. These supervisory officials also did not ensure that Plaintiffs receive immediate medical care and caused them to be beaten.

### FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. §1983)

33. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

34. Each of the individually-named Defendants had a duty to intervene when they saw illegal conduct taking place in connection with the beating. Also, they failed to intercede when Plaintiffs were forcibly dragged, exposed to excessive force, and when they were not provided immediate medical care.

35. In particular, once Plaintiffs were assaulted and restrained on the floor, no defendants interceded when Defendant Does excessively assaulted Henry, M.G., and D.H. the Defendants failure to stop these attacks and provide medical care violated the individually-named Defendants' duty to intervene and put a stop to the unconstitutional acts taking place.

36. The failure of these Defendants to do so contravened Plaintiffs' constitutional rights and violated 42 U.S.C. §1983. As a result, Plaintiffs suffered serious physical injuries, including loss of enjoyment of life.

### FIFTH CAUSE OF ACTION
### (Monell under 42 U.S.C. §1983)

37. Plaintiffs hereby repeat and reallege each and every allegation in paragraph 1 through 36, inclusive, as if fully set forth herein.

38. At all relevant times, Defendants City of Madison and Chief Waldrop maintained a custom, practice and/or policy of delaying and/or denying medical care to individuals who didn't appear to be experiencing any serious medical ailments. Instead of simply seeking medical assistance for Plaintiffs, City of Madison officers routinely used cruel and unusual punishment against individuals similar to Plaintiffs.

39. This policy, custom and/or practice is deliberately indifferent to the constitutional rights of individuals like Plaintiffs herein and allowed for the individually-named defendants to deprive the Plaintiffs of their rights under both Federal and State law.

40. As a result of the foregoing, the Plaintiffs were needlessly ignored medical treatment and sustained significant injuries as a result of delay in medical treatment.

41. Upon information and belief, City of Madison officers/personnel including "John Does" that failed to seek medical care for Plaintiffs were improperly trained, supervised and retained in violation of the standards set out by the <u>Monell</u> doctrine. Furthermore, these Defendants responsible for Plaintiffs' injuries were also improperly retained.

42. As a result of the Defendants' deliberate indifference to its training, supervisory and retention of the Defendant officers, the Plaintiffs were caused to suffer grave injuries, without fault or contribution by any of the Plaintiffs.

**SIXTH CAUSE OF ACTION**
**(Negligence of Defendants "John Does 1-11" and "Jane Doe")**

43. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 42, inclusive, as if fully set forth herein.

44. Defendants John Does 1-11 and Jane Doe negligently failed to provide for the safety, security and protection of the Plaintiffs by failing to comply with the City/County Police/Sheriff Department's own rules of conduct as it related to use of force and getting medical assistance for individuals in need. City of Madison/Madison County had implemented a set of guidelines regarding use of force that prohibited the assault and battery of individuals. The policies also required officers/deputies to obtain medical care for individuals who were in obvious need of such care. The

name Defendants' failure to recognize that Plaintiffs were in immediate need of medical care was in violation of these policies and constituted negligence including the negligent infliction of emotional distress that exacerbate their condition.

45. As a result of the foregoing negligent acts, Plaintiffs sustained serious physical injuries and damages.

## SEVENTH CAUSE OF ACTION
### (Intentional Torts under Mississippi State Law – Assault and Battery)

46. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 45, inclusive, as if fully set forth herein.

47. As a result of the individually-name Defendants' actions, including the beating of the Plaintiffs as well as forcefully entering the Plaintiffs' home without permission, search/arrest warrant, or justification, the Plaintiffs were wrongfully assaulted and battered without just or probable cause or provocation. These actions also resulted in the intentional infliction of emotional distress.

48. As a result of the foregoing, the Plaintiffs suffered serious physical injuries and pain and suffering.

## EIGHTH CAUSE OF ACTION
### (Reckless Endangerment)

49. Plaintiffs hereby repeat and reallege each and every allegation in paragraph 1 through 48, inclusive, as if fully set forth herein.

50. Plaintiffs would show unto the Court the Defendants took actions that recklessly endangered the safety and well-being of all Plaintiffs.

## NINTH CAUSE OF ACTION
### (Reckless Disregard)

51. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. Plaintiffs would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of all Plaintiffs.

## TENTH CAUSE OF ACTION
### (Trespassing)

53. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 52, inclusive, as if fully set forth herein.

54. Defendants intentionally walked onto and entered Plaintiffs' residence without their consent or any other valid privilege.

## ELEVENTH CAUSE OF ACTION
### (Abuse of Process)

55. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 54, inclusive, as if fully set forth herein.

56. Defendants intentionally misused the legal process by brutally attacking and wrongfully detaining all Plaintiffs.

57. The element of malice or ulterior motive should be inferred from the Defendant Officers willful abuse of process.

58. If such inference fails, malice specifically exists in that Defendant Officers acted with malice and conscious disregard for the rights of Plaintiffs in that their ulterior purpose in misusing the legal process was to severely harm Plaintiffs while not executing their lawful duties to actually serve and protect Plaintiffs and other similarly situated individuals.

59. As a proximate result of Defendants' abuse of process, Plaintiffs suffered damages.

**PRAYER FOR APPROPRIATE RELIEF**

60. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 59, inclusive, as if fully set forth herein.

61. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of Defendants named herein, Plaintiffs have suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

62. All Defendants are jointly and severally liable to Plaintiffs for the following damages: past, present and future physical pain, suffering and mental anguish and emotional anguish; lost wages, and all other damages to be proved at trial.

63. Plaintiffs bring this action against all Defendants and demand judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

64. The acts of Defendants enumerated herein were so grossly negligent and reckless; utterly offensive, and were committed with such utter disregard for the rights of Plaintiffs and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling Plaintiffs to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiffs respectfully pray for the judgment against all Defendants, including compensatory damages, punitive damages against the individually named Defendants, any and all damages allowed by State and Federal law including attorney's fees under 42 U.S.C. §1988, pre-judgment interest, post-

judgment interest, attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

THIS, the 20th day of May, 2020.

                                         **LEKEISHA HENRY, et al., Plaintiffs**

                          **By:**     */s/ Carlos E. Moore*
                                        **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – Mississippi Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com