IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LEKEISHA HENRY, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILDREN, MARKISHIA GRIFFIN AND DEMARCUS HENRY | PLAINTIFFS |
| V. | CIVIL ACTION NO.: 3:20-cv-353-DPJ-FKB |
| CITY OF MADISON, MISSISSIPPI, CHIEF GENE WALDROP, IN HIS OFFICIAL CAPACITY, OFFICER JOHN DOES 1-11, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, OFFICER JANE DOE, IN HER INDIVIDUAL AND OFFICIAL CAPACITY, AND/OR OTHER EMPLOYEES, INCLUDING SUPERVISORY OFFICIALS WHOSE IDENTITIES ARE CURRENTLY UNKNOWN | DEFENDANTS |

### CITY OF MADISON, MISSISSIPPI, AND CHIEF GENE WALDROP'S ANSWER TO PLAINTIFFS' COMPLAINT

Come now, the City of Madison, Mississippi, and Chief Gene Waldrop in his official capacity, by and through counsel, and in response to Plaintiffs' Complaint (*CM/ECF Doc. No. 1*), would show unto the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

**SECOND DEFENSE**

Plaintiffs' Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**THIRD DEFENSE**

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Insofar as any state law claims are concerned, answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**FIFTH DEFENSE**

Chief Gene Waldrop is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, Chief Gene Waldrop would affirmatively aver that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

## SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiffs' Complaint, paragraph by paragraph, as follows:

## COMPLAINT
(Jury Trial Demanded)

Answering defendants deny each and every claim of Plaintiffs' introductory paragraph under this section. As to Plaintiffs' demand for a jury trial, that relief is prohibited against any and all claims brought under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq*. *See* Miss. Code Ann. § 11-46-13(1).

## PARTIES

1. Answering defendants admit, upon information and belief, the allegations of paragraph 1 of Plaintiffs' Complaint.

2. Answering defendants admit that the City of Madison is a political subdivision of the State of Mississippi and that it may be served with process pursuant to the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act. Answering defendants deny the remaining allegations of paragraph 2 of Plaintiffs' Complaint.

3. Answering defendants deny the allegations of paragraph 3 of Plaintiffs' Complaint.

4. Answering defendants deny the allegations of paragraph 4 of Plaintiffs' Complaint.

## JURISDICTION and VENUE

5. Without waiving any immunities, defenses, restrictions or limitations, answering defendants admit that this Court is a proper jurisdiction for matters involving Federal Questions. Answering defendants would further admit that this Court's pendent jurisdiction allows this Court to likewise address Plaintiffs' State law claims. Answering defendants, however, would deny that Plaintiffs' State law claims may be tried by a jury, and would further deny the remaining allegations of paragraph 5 of Plaintiffs' Complaint.

6. Without waiving any immunities, defenses, restrictions or limitations, answering defendants admit that venue is proper in this Court. Answering defendants deny the remaining allegations of paragraph 6 of Plaintiffs' Complaint.

## STATEMENTS

7. Answering defendants deny the allegations of paragraph 7 of Plaintiffs' Complaint.

## FACTS

8. Answering defendants deny the allegations of paragraph 8 of Plaintiffs' Complaint.

9. Answering defendants deny the allegations of paragraph 9 of Plaintiffs' Complaint.

10. Answering defendants deny the allegations of paragraph 10 of Plaintiffs' Complaint.

11. Answering defendants deny the allegations of paragraph 11 of Plaintiffs' Complaint.

12. Answering defendants deny the allegations of paragraph 12 of Plaintiffs' Complaint.

13. Answering defendants deny the allegations of paragraph 13 of Plaintiffs' Complaint.

14. Answering defendants deny the allegations of paragraph 14 of Plaintiffs' Complaint.

15. Answering defendants deny the allegations of paragraph 15 of Plaintiffs' Complaint.

16. Answering defendants deny the allegations of paragraph 16 of Plaintiffs' Complaint.

17. Answering defendants deny the allegations of paragraph 17 of Plaintiffs' Complaint.

18. Answering defendants deny the allegations of paragraph 18 of Plaintiffs' Complaint.

19. Answering defendants deny the allegations of paragraph 19 of Plaintiffs' Complaint.

20. Answering defendants deny the allegations of paragraph 20 of Plaintiffs' Complaint.

21. Answering defendants deny the allegations of paragraph 21 of Plaintiffs' Complaint.

**FIRST CAUSE OF ACTION**
**(Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 § 1983)**

22. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-22 herein above as if the same were specifically set out herein.

23. The allegations of paragraph 23 of Plaintiffs' Complaint concern defendants other than answering defendants, thus no response is necessary. To the extent a response is deemed necessary, answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 23 of Plaintiffs' Complaint and, as such, deny the allegations of paragraph 23 of Plaintiffs' Complaint.

24. Answering defendants deny the allegations of paragraph 24 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

## SECOND CAUSE OF ACTION
### (Negligent Training, Supervision and Retention as to Defendants City of Madison and Chief Waldrop)

25. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-25 herein above as if the same were specifically set out herein.

26. Answering defendants deny the allegations of paragraph 26 of Plaintiffs' Complaint.

27. Answering defendants deny the allegations of paragraph 27 of Plaintiffs' Complaint.

28. To the extent the allegations of paragraph 28 of Plaintiffs' Complaint apply to the City of Madison and Chief Waldrop, answering defendants deny the same. All remaining allegations of paragraph 28 of Plaintiffs' Complaint regarding defendants other than answering defendants require no response. To the extent a response is deemed necessary, answering defendants lack information sufficient to make a determination as to the truth of the remaining allegations of paragraph 28 of Plaintiffs' Complaint and, as such, deny the remaining allegations of paragraph 28 of Plaintiffs' Complaint.

29. Answering defendants deny the allegations of paragraph 29 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

## THIRD CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

30. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-30 herein above as if the same were specifically set out herein.

31. To the extent the allegations of paragraph 31 of Plaintiffs' Complaint apply to Chief Waldrop, answering defendants deny the same. All remaining allegations of paragraph 31 of Plaintiffs' Complaint regarding defendants other than answering defendants require no response. To the extent a response is deemed necessary, answering defendants lack information sufficient to make a determination as to the truth of the remaining allegations of paragraph 31 of Plaintiffs' Complaint and, as such, deny the remaining allegations of paragraph 31 of Plaintiffs' Complaint.

32. Answering defendants deny the allegations of paragraph 32 of Plaintiffs' Complaint.

## FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

33. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-33 herein above as if the same were specifically set out herein.

34. Answering defendants deny the allegations of paragraph 34 of Plaintiffs' Complaint.

35. Answering defendants deny the allegations of paragraph 35 of Plaintiffs' Complaint.

36. Answering defendants deny the allegations of paragraph 36 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever under these claims.

## FIFTH CAUSE OF ACTION
### (Monell under 42 U.S.C. § 1983)

37. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-37 herein above as if the same were specifically set out herein.

38. Answering defendants deny the allegations of paragraph 38 of Plaintiffs' Complaint.

39. Answering defendants deny the allegations of paragraph 39 of Plaintiffs' Complaint.

40. Answering defendants deny the allegations of paragraph 40 of Plaintiffs' Complaint.

41. Answering defendants deny each and every allegation of paragraph 41 of Plaintiffs' Complaint.

42. Answering defendants deny the allegations of paragraph 42 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs is not entitled to any recovery whatsoever.

## SIXTH CAUSE OF ACTION
### (Negligence of Defendants "John Does 1-11" and "Jane Doe")

43. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-43 herein above as if the same were specifically set out herein.

44. To the extent the allegations of paragraph 44 of Plaintiffs' Complaint apply to the City of Madison and/or Chief Waldrop, answering defendants deny the same. All remaining allegations of paragraph 44 of Plaintiffs' Complaint regarding defendants other than answering defendants require no response. To the extent a response is deemed necessary, answering defendants lack information sufficient to make a determination as to the truth of the remaining allegations of paragraph 44 of Plaintiffs' Complaint and, as such, deny the remaining allegations of paragraph 44 of Plaintiffs' Complaint.

45. Answering defendants deny the allegations of paragraph 45 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

## SEVENTH CAUSE OF ACTION
### (Intentional Torts under Mississippi State Law – Assault and Battery)

46. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-46 herein above as if the same were specifically set out herein.

47. Answering defendants deny the allegations of paragraph 47 of Plaintiffs' Complaint.

48. Answering defendants deny the allegations of paragraph 48 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever under these claims.

**EIGHTH CAUSE OF ACTION**
**(Reckless Endangerment)**

49. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-49 herein above as if the same were specifically set out herein.

50. Answering defendants deny the allegations of paragraph 50 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

**NINTH CAUSE OF ACTION**
**(Reckless Disregard)**

51. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-51 herein above as if the same were specifically set out herein.

52. Answering defendants deny the allegations of paragraph 52 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

## TENTH CAUSE OF ACTION
### (Trespassing)

53. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-53 herein above as if the same were specifically set out herein.

54. Answering defendants deny the allegations of paragraph 54 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

## ELEVENTH CAUSE OF ACTION
### (Abuse of Process)

55. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-55 herein above as if the same were specifically set out herein.

56. Answering defendants deny the allegations of paragraph 56 of Plaintiffs' Complaint.

57. Paragraph 57 of Plaintiffs' Complaint is a legal conclusion and, as such, answering defendants deny paragraph 57 of Plaintiffs' Complaint.

58. Paragraph 58 of Plaintiffs' Complaint is a legal conclusion and, as such, answering defendants deny paragraph 58 of Plaintiffs' Complaint.

59. Paragraph 59 of Plaintiffs' Complaint is a legal conclusion and, as such, answering defendants deny paragraph 59 of Plaintiffs' Complaint. Further, answering

defendants would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

## PRAYER FOR APPROPRIATE RELIEF

60. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-60 herein above as if the same were specifically set out herein.

61. Answering defendants deny the allegations of paragraph 61 of Plaintiffs' Complaint.

62. Paragraph 62 of Plaintiffs' Complaint is a legal conclusion and, as such, answering defendants deny paragraph 62 of Plaintiffs' Complaint. Further, answering defendants would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

63. Answering defendants deny the allegations of paragraph 63 of Plaintiffs' Complaint, and would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

64. Paragraph 64 of Plaintiffs' Complaint is a legal conclusion and, as such, answering defendants deny paragraph 64 of Plaintiffs' Complaint. Further, answering defendants would affirmatively aver that Plaintiffs are not entitled to any recovery whatsoever.

As for the last unnumbered paragraph which commences "WHEREFORE, THE ABOVE BEING CONSIDERED," answering defendants deny the allegations contained

therein, and would affirmatively aver that Plaintiffs are not entitled to any relief whatsoever.

Answering defendants further deny each and every material allegation of the Complaint by which Plaintiffs seek to impose liability upon answering defendants and also deny they have been guilty of any actionable conduct in the premises.

**EIGHTH DEFENSE**

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

**NINTH DEFENSE**

Answering defendants allege that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

**TENTH DEFENSE**

Answering defendants allege that Plaintiffs' claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**ELEVENTH DEFENSE**

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiffs are not entitled to recover enhanced, punitive, or exemplary damages, the

same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## THIRTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiffs' claims.

## FOURTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

## FIFTEENTH DEFENSE

Any allegations contained in Plaintiffs' Complaint which are not specifically admitted, are hereby denied.

And now, having answered Plaintiffs' Complaint filed against them, answering defendants request that the same be dismissed, and that they be discharged with costs assessed against the Plaintiffs.

**DATE:** **August 11, 2020.**

Respectfully submitted,

**CITY OF MADISON, MISSISSIPPI AND CHIEF GENE WALDROP, IN HIS OFFICIAL CAPACITY**

BY:     */s/ William R. Allen*
           One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB#105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for defendants the City of Madison, Mississippi, and Chief Gene Waldrop in his Official Capacity, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiffs' Complaint with the Clerk of the Court using the ECF system, which shall give notice to:

> Carlos E. Moore, Esq.
> THE COCHRAN FIRM – Mississippi Delta
> P. O. Box 1487
> Grenada, MS 38902-1487
> cmoore@cochranfirm.com
>       *Attorney for Plaintiffs*

This, the 11th day of August, 2020.

                                            */s/ William R. Allen*
                                            OF COUNSEL