IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEKEISHA HENRY, INDIVIDUALLY,
AND ON BEHALF OF HER MINOR
CHILDREN, MARKISHIA GRIFFIN
AND DEMARCUS HENRY**                                             **PLAINTIFFS**

**v.**                                                           Civil Action No.: 3:20-cv-353-DPJ-FKB

**CITY OF MADISON, MISSISSIPPI,
CHIEF GENE WALDROP, IN HIS
OFFICIAL CAPACITY, MADISON
COUNTY, MISSISSIPPI, SHERIFF
RANDY TUCKER, IN HIS OFFICIAL
CAPACITY, OFFICER THOMAS
LUBY, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, JOHN DOES
1-5, IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES, JANE DOES
6-10, IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES, AND/OR
OTHER EMPLOYEES, INCLUDING
SUPERVISORY OFFICIALS WHOSE
IDENTITIES ARE CURRENTLY
UNKNOWN**                                                         **DEFENDANTS**

**AMENDED COMPLAINT**
(Jury Trial Demanded)

COME NOW Plaintiffs LeKeisha Henry, Individually, and on behalf of her minor children, Markishia Griffin and Demarcus Henry (hereinafter "Plaintiff Henry," "Plaintiff M.G.," "Plaintiff D.H.," or collectively "Plaintiffs"), by counsel, and file this, their *Amended Complaint* against City of Madison, Mississippi, Chief Gene Waldrop, In His Official Capacity, Madison County, Mississippi, Sheriff Randy Tucker, In His Official Capacity, Officer Thomas Luby, In His Individual and Official Capacity, John Does 1 – 5, In Their Individual and Official Capacities, Jane Does 6 – 10, In Their Individual and Official Capacities, to recover actual and punitive damages (against the individually named Defendants) for the

Defendants violation of Plaintiff's Fourth (4th), Fifth (5th), Eighth (8th), and Fourteenth (14th) Amendment rights to be free from excessive force, cruel and unusual punishment, and rights to substantive due process without intentional exposure to known danger, and all other claims made actionable pursuant to 42 U.S.C. §1983, <u>Monell</u> violations, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from actions of city/county law enforcement evincing reckless disregard for the Plaintiffs made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to-wit:

## PARTIES

1. **Plaintiff Henry** is an adult resident citizen of Hinds County, Mississippi, residing at 133 East Santa Clair Street, Jackson, MS 39212. At all times relevant herein, Plaintiff Henry is the mother of **Plaintiffs M.G. and D.H.**, and all Plaintiffs reside at the aforementioned address.

2. **Defendant City of Madison (hereinafter Defendant City)** is a city entity that may be served with process by service on Susan Crandall, City Clerk, at 1004 Madison Avenue, Madison, MS 39110.

3. **Defendant Chief Gene Waldrop (hereinafter Defendant Chief Waldrop)**, employed with the City of Madison, MS is an adult resident citizen of Mississippi, and he may be served at his place of employment, at 2001 Main Street, Madison, MS 39110.

4. **Defendant Madison County (hereinafter Defendant County)** is a governmental entity that may be served with process by service on Ronny Lott, Chancery Clerk, at 146 West Center Street, Canton, MS 39046.

5. **Defendant Sheriff Randy Tucker (hereinafter Defendant Sheriff Tucker)** employed with the Madison County is an adult resident citizen of Mississippi, and he may be served at his place of employment, at 2941 U.S. Highway 51, Canton, MS 39046.

6. **Defendant Officer Thomas Luby (hereinafter Defendant Officer Luby)** employed with the City of Madison is an adult resident citizen of Mississippi, and he may be served at his place of employment, at 2001 Main Street, Madison, MS 39110 or his residence.

7. Plaintiffs are ignorant as to the full identities of Defendant John Does 1-5 and Jane Does 6-10 who are unknown employee of the Madison County and/or Defendants. They include, but are potentially limited to, the deputies, sergeants, corporals, servants involved in the subject events as stated in the Facts below. Further, Doe Defendants were at all times acting under color of law with the permission and consent of Defendants within the course and scope of their respective employment. As their identities are learned, the Plaintiffs reserve the right to amend this Complaint to allege their true names, and allege that each of the factiously named Doe Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages, as alleged herein, were proximately caused by their misconduct.

## JURISDICTION and VENUE

8. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiffs' protected rights under the U.S. Constitution particularly the 4th, 5th, 8th, and 14th Amendments and 42

U.S.C. §1983 and §1988. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act, §11-7-13 of the Mississippi Code of 1972, as amended, common law claims of negligence and intentional torts.

9. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interests and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

**STATEMENTS**

10. On October 10th, 2019, approximately twelve (12) unidentified officers/deputies of the City and Madison County approached Ms. Henry's residence (with badges covered up) and entered her home without permission. Officer Thomas Luby was one of the unidentified police officials present on the date of the subject incident. Said officers claimed to be in search of Plaintiff Henry's son, Plaintiff D.H., for skipping an alleged court date. The defendant officers/deputies administered physical and mental injuries to Plaintiffs using excessive force. During the course of this unconstitutional assault, not one single officer attempted to stop the attack, intercede to prevent further abuse or offered proper medical assistance to Plaintiff Henry, M.G., or D.H. after they were obviously suffering physical and/or mental illness, injury, and a medical emergency. This unconscionable conduct violated both Federal and State Law. Justice for these acts is sought by this lawsuit.

**FACTS**

11. The actions involved in this case are the result of the practices, policies, and/or customs of Defendant City/County employees including the Chief, Sheriff, Officers, Deputies, other supervisory officials, and/or other employees in the operation of the sheriff/police department.

12. This is a claim for Federal law violations, State law negligence, and intentional torts filed by Plaintiffs. These violations caused pain and suffering to Plaintiffs on October 10th, 2019.

13. Specifically, on October 10th, 2019, approximately twelve (12) unidentified officers/deputies of the Defendant City/County approached Plaintiff Henry's residence with their badges covered up. The twelve (12) John Does (one confirmed female) then entered Plaintiff Henry's home against her wishes. Deputy Luby was one of the police officials who also entered Plaintiff's home against her wishes.

14. Defendant Officers/Deputies stated that they were looking for Plaintiff Henry's son, Plaintiff D.H., regarding an issue of skipping a court date, but Ms. Henry informed said officers that she was unsure if her son was home because he usually stayed the night with his girlfriend.

15. At no time herein did any officer/deputy present a search warrant and/or arrest warrant.

16. Thereafter, Officer Thomas Luby snatched the screen door open and kicked Ms. Henry into her sofa, causing her to land on the floor. Jane Doe 1 then grabbed Plaintiff Henry's arm and said "I don't give a f*ck." The same female officer then threw Plaintiff M.G. on top of her mother.

17. Plaintiff M.G., a ten (10) year old, thought they were victims of a home invasion because the officers wore no badges to identify themselves. Plaintiff M.G. was later pushed against the wall with so much force that it caused her to bounce back from the all and hit the floor. Despite all of this, the defendant police officials continued their assault on Plaintiff M.G., and made obscene remarks such as "You made some animals."

18. One of Plaintiff Henry's sons attempted to record the incident, but he was taken outside and also brutally beaten by the defendant officers/deputies.

19. At all times relevant herein, Plaintiff D.H. was hidden, locked inside of his bedroom. Plaintiff D.H. was threatened many times by the officers identifying him as the person they were looking for. Finally, the defendant officers left the residence.

20. It was later discovered by Plaintiff Henry that there was no search warrant or arrest warrant in place. As a result of the Defendants' negligent actions and severe misconduct, Plaintiff Henry suffered severe injuries and damages such as a dislocated arm, which required surgery and injuries to the side of the body. Plaintiff M.G. suffered injuries to her back and the side of her face, as well as suffered mental and emotional anguish. Plaintiff Henry's younger son suffered injuries to his body as a whole, and Plaintiff D.H. suffered mental and emotional anguish as a result of this incident.

21. Plaintiff Henry was later transported to the University of Mississippi Medical Center via AMR transportation service, and Plaintiff M.G. received medical treatment at the same facility for injuries to her back.

22. At all relevant times, the individual Defendants were working in their official capacities.

23. At all relevant times, Defendant Chief Waldrop and Sheriff Tucker were the commanding officers for the City and County throughout the entire incident and responsible for the actions and/or omissions of the aforementioned officers. He was also responsible for insuring that Plaintiffs were kept safe. Chief Waldrop and Sheriff Tucker failed to keep Plaintiffs safe from harm caused by the acts of those under their command.

24. The resulting injuries sustained by Plaintiffs were caused solely by the Defendants, in violation of Plaintiffs' Civil and Constitutional rights, Mississippi State law and without any cause, provocation, or negligence on the part of Plaintiffs contributing thereto. A Notice of Claim was timely filed with the Defendants.

## **FIRST CAUSE OF ACTION**
### **(Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 U.S.C. §1983)**

25. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 24, inclusive, as if fully set forth herein.

26. Defendant "John Does 1-5" and "Jane Does 6-10" assaulted Plaintiffs with excessive force, failed to obtain medical attention for Plaintiffs following the assault, and thereby violated Plaintiffs' due process rights, used excessive physical force, and implemented cruel and unusual punishment. These acts were unconstitutional in violation of Plaintiffs' 4th, 5th, 8th, and 14th Amendment Rights. At all times relevant herein, Plaintiffs were not detainees, prisoners, or in possession of any weapon. This

treatment was a violation of Plaintiffs' due process rights to be free from cruel and unusual punishment and excessive force.

27. As a result, Plaintiffs suffered serious injuries, pain and suffering, and loss of enjoyment of life.

**SECOND CAUSE OF ACTION**
**(Negligent Training, Supervision and Retention as to Defendants City of Madison, Chief Waldrop, Madison County, & Sheriff Tucker)**

28. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. At all relevant times, Defendant City, Chief Waldrop, County, and Sheriff Tucker had a duty to screen applicants for hire to its law enforcement department, retention to its law enforcement department or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological racists, biased and/or physiological traits or characteristics unsuitable, unstable, or contradicted for such employment.

30. At all relevant times, it was the duty of Defendant City, Chief Waldrop, County, and Sheriff Tucker to sufficiently hire, train, and retain personnel within the law enforcement departments and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, officers, other law enforcement department employees and/or personnel.

31. Upon information and belief, the individually-named Officer Luby, John Does 1-5, and Jane Does 6-10 that beat and left Plaintiffs without seeking medical assistance without giving them medical care were improperly trained, supervised and retained by Defendants City, Chief Waldrop, Madison County and Sheriff Tucker. Furthermore, these individually-named Defendants responsible for Plaintiffs' injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

32. As a result of the Defendants' negligence in its training, supervisory and retention of the Defendant officers, deputies, and law enforcement personnel, the Plaintiffs were caused to suffer grave injuries, without fault or contribution by the Plaintiffs.

### THIRD CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. §1983)

33. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. Upon information and belief, among the individually-named Defendants were supervisors, like Defendants Chief Waldrop and Sheriff Tucker, who were assigned to supervise and control the actions of the named Defendant Officer Luby as well as John Does 1-5 and Jane Does 6-10, as employees.

35. These Defendants violated their supervisory duties by failing to ensure that officers and/or deputies under their supervision properly monitored, cared for and protected from harm, those in their custody like the Plaintiffs. By participating in and/or ordering the vicious attack on Plaintiffs, and failure to provide medical care thereafter, without justification, these supervisory officials violated §1983's requirements. And once ordered, they failed to limit the attack, thereby making use

of force excessive and the punishment cruel and unusual punishment. These supervisory officials also did not ensure that Plaintiffs receive immediate medical care and caused them to be beaten.

## FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. §1983)

36. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 35, inclusive, as if fully set forth herein.

37. Each of the individually-named Defendants had a duty to intervene when they saw illegal conduct taking place in connection with the beating. Also, they failed to intercede when Plaintiffs were forcibly dragged, exposed to excessive force, and when they were not provided immediate medical care.

38. In particular, once Plaintiffs were assault and restrained on the floor, no defendants interceded when Defendants Officer Luby and Does excessively assaulted Henry, M.G., and D.H., the Defendants failure to stop these attacks and provide medical care violated the individually-named Defendants' duty to intervene and put a stop to the unconstitutional acts taking place.

39. The failure of these Defendants to do so contravened Plaintiffs' constitutional rights and violated 42 U.S.C. §1983. As a result, Plaintiffs suffered serious physical injuries, including loss of enjoyment of life.

## FIFTH CAUSE OF ACTION
### (Monell under 42 U.S.C. §1983)

40. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 38, inclusive, as if fully set forth herein.

41. At all relevant times, Defendants City, Chief Waldrop, Madison County, and Sheriff Tucker maintained a custom, practice and/or policy of delaying and/or denying medical care to individuals who didn't appear to be experiencing any serious medical ailments. Instead of simply seeking medical assistance for Plaintiffs, City and County officials routinely used cruel and unusual punishment against individuals similar to Plaintiffs.

42. This policy, custom and/or practice is deliberately indifferent to the constitutional rights of individuals like Plaintiffs herein and allowed for the individually-named defendants to deprive the Plaintiffs of their rights under both Federal and State law.

43. As a result of the foregoing, the Plaintiffs were needlessly ignored medical treatment and sustained significant injuries as a result of delay in medical treatment.

44. Upon information and belief, the City and Madison County personnel including Officer Thomas Luby, John Does 1-5, and Jane Does 6-10, that failed to seek medical care for Plaintiffs were improperly trained, supervised and retained in violation of the standards set out by the <u>Monell</u> doctrine. Furthermore, these Defendants responsible for Plaintiffs' injuries were also improperly retained.

45. As a result of the Defendants' deliberate indifference to its training, supervisory and retention of the Defendant law enforcement officials, the Plaintiffs were caused to suffer grave injuries without fault or contribution by any of the Plaintiffs.

<u>**SIXTH CAUSE OF ACTION**</u>
**(Negligence of Defendants Officer Thomas Luby, John Does 1-5, and Jane Does 6-10)**

46. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 45, inclusive, as if fully set forth herein.

47. Defendants Officer Luby, John Does 1-5 and Jane Does 6-10 negligently failed to provide for the safety, security, and protection of the Plaintiffs by failing to comply with the City and Madison County's own rules of conduct as it related to use of force and getting medical assistance for individuals in need. The City and Madison County had implemented a set of guidelines regarding use of force that prohibited the assault and battery of individuals. The policies also required officers and/or deputies to obtain medical care for individuals who were in obvious need of such care. The name Defendants' failure to recognize that Plaintiffs were in immediate need of medical care was in violation of these policies and constituted negligence including the negligent infliction of emotional distress that exacerbate their condition.

48. As a result of the foregoing negligent acts, Plaintiffs sustained serious physical injuries and damages.

## SEVENTH CAUSE OF ACTION
**(Intentional Torts under Mississippi State Law – Assault and Battery)**

49. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 48, inclusive, as if fully set forth herein.

50. As a result of the individually-named Defendants' actions, including the beating of the Plaintiffs as well as forcefully entering the Plaintiffs' home without permission, search/arrest warrant, or justification, the Plaintiffs were wrongfully assaulted and battered without just or probable cause of provocation. These actions also resulted in the intentional infliction of emotional distress.

51. As a result of the foregoing, the Plaintiffs suffered serious physical injuries and pain and suffering.

## EIGHTH CAUSE OF ACTION
### (Reckless Endangerment)

52. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 51, inclusive, as if fully set forth herein.

53. Plaintiffs would show unto the Court the Defendants took actions that recklessly endangered the safety and well-being of all Plaintiffs.

## NINTH CAUSE OF ACTION
### (Reckless Disregard)

54. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 53, inclusive, as if fully set forth herein.

55. Plaintiffs would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of all Plaintiffs.

## TENTH CAUSE OF ACTION
### (Trespassing)

56. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 55, inclusive, as if fully set forth herein.

57. Defendants intentionally walked onto and entered Plaintiffs' residence without their consent or any other valid privilege.

## ELEVENTH CAUSE OF ACTION
### (Abuse of Process)

58. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 57, inclusive, as if fully set forth herein.

59. Defendants intentionally misused the legal process by brutally attacking and wrongfully detaining all Plaintiffs.

60. The element of malice or ulterior motive should be inferred from the Defendant Officer Luby and Does willful abuse of process.

61. If such inference fails, malice specifically exists in that Defendant Officer Luby and Does acted with malice and conscious disregard for the rights of Plaintiffs in that their ulterior purpose in misusing the legal process was to severely harm Plaintiffs while not executing their lawful duties to actually serve and protect Plaintiffs and other similarly situated individuals.

62. As a proximate result of Defendants' abuse of process, Plaintiffs suffered damages.

**PRAYER FOR APPROPRIATE RELIEF**

63. Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 62, inclusive, as if fully set forth herein.

64. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of Defendants named herein, Plaintiffs have suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

65. All Defendants are jointly and severally liable to Plaintiffs for the following damages: past, present and future physical pain, suffering and mental anguish and emotional anguish; lost wages, and all other damages to be proved at trial.

66. Plaintiffs bring this action against all Defendants and demand judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

67. The acts of Defendants enumerated herein were so grossly negligent and reckless; utterly offensive, and were committed with such utter disregard for the rights of

Plaintiffs and other similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling Plaintiffs to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiffs respectfully pray for the judgment against all Defendants, including compensatory damages, punitive damages against the individually named Defendants, any and all damages allowed by State and Federal law including attorney's fees under 42 U.S.C. §1988, pre-judgment interest, post-judgment interest, attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

THIS, the 28th day of June, 2021.

**LEKEISHA HENRY, et al., Plaintiffs**

**By:**    /s/ Carlos E. Moore    
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – Mississippi Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

William R. Allen, Esq.
Lance W. Martin, Esq.
ALLEN, ALLEN, BREELAND & ALLEN, PLLC
P. O. Box 751
Brookhaven, MS 39602
Email: wallen@aabalegal.com
           lmartin@aabalegal.com
*Attorneys for Def. City of Madison & Chief Gene Waldrop*

THIS, the 28th day of June, 2021.

                                                 /s/ Carlos E. Moore
                                                CARLOS E. MOORE, ESQ.